## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

| | | |
|---|---|---|
| **ALEX SANDERS**, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:22-CV-394-RGJ |
| | ) | |
| vs. | ) | **Removed from:** |
| | ) | |
| **MAIN EVENT** | ) | Commonwealth of Kentucky |
| **ENTERTAINMENT**, | ) | Jefferson Circuit Court |
| | ) | Division 2 |
| Defendant. | ) | Case No. 22-CI-003458 |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Main Event Entertainment[1] ("Defendant"), by and through counsel, hereby respectfully appears for the purpose of removing to the United States District Court for the Western District of Kentucky at Louisville the action styled *Alex Sanders v. Main Event Entertainment.*, Case No. 22-CI-003458 (the "State Court Action"), currently pending in the Circuit Court of Jefferson County, Kentucky, Division 2. As grounds for the removal, Defendant states as follows:

1.    Pro se Plaintiff Alex Sanders ("Plaintiff") initiated litigation against Defendant in the Circuit Court of Jefferson County, Kentucky, by filing his Complaint in the State Court Action on July 8, 2022. Defendant was served on July 12, 2022. Plaintiff's Complaint (the "Complaint") filed in State Court comprise the State Court Record, attached hereto as **Exhibit One**.

---

[1]    Defendant has been incorrectly identified as Main Event Entertainment. Defendant's correct name is Main Event Entertainment, Inc.

2.     In the Complaint, Plaintiff sets forth multiple various claims for discrimination, hostile work environment, and retaliation.

3.     Under 28 U.S.C. §§ 1441 and 1446, the State Court Action may be properly removed to this Court at any time within thirty (30) days from Defendant being served with Plaintiff's Complaint and Summons.  Defendant is timely filing its removal within thirty (30) days of service.

## FEDERAL QUESTION

4.     The Court has original jurisdiction of the State Court Action pursuant to 28 U.S.C. § 1331 by reason that Plaintiff's claims under Title VII of the Civil Rights Act of 1964 and under Title I of the Civil Rights Act of 1991 in the Complaint arise under the laws of the United States and, therefore, may be removed without regard to the citizenship of the parties or the amount in controversy.

## DIVERSITY OF CITIZENSHIP

5.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 by reason of complete diversity jurisdiction of the parties.

6.     For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated, and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Defendant is a Florida corporation and has its principal place of business in Plano, Texas.  Therefore, Defendant is a citizen of the state of Florida or Texas.

7.     Based upon the Complaint's allegations and Plaintiff's representation as to his continuing residence, he is a citizen of the Commonwealth of Kentucky. *See*

**Exhibit One** at ¶ 1.

8.    Thus, the parties are completely diverse for purposes of jurisdiction.

## AMOUNT IN CONTROVERSY EXCEEDS JURISDICTIONAL REQUIREMENTS

9.    The damages claimed by Plaintiff exceed $75,000, exclusive of interest and costs.

10.    Specifically, Plaintiff's Complaint sets forth that he is seeking "compensatory [damages] (lost job wages) and punitive damages ($50,000) in the amount of $112,000…" *See* **Exhibit One** at ¶ 32.

11.    All told, removal is proper because the amount in controversy exceeds the amount specified in 28 U.S.C. § 1332(a). *See Dart Cherokee Basin Operating Co. LLC v. Owens*, 135 S. Ct. 547 (2014) (explaining that a short and plain statement regarding the amount in controversy is all that is required for removal).

12.    In summary, the Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

## SUPPLEMENTAL JURISDICTION

13.    To the extent the Court disagrees that it possesses diversity jurisdiction over any claim, the Court has supplemental jurisdiction over the claim.

14.    Each of Plaintiff's claims is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *See* 28 U.S.C. § 1367(a). Specifically, every claim asserted by Plaintiff relates to the same alleged events—alleged

discrimination, hostile work environment, and retaliation during his employment with Defendant.[2]

15.    None of the four bases for declining supplemental jurisdiction set out in 28 U.S.C. § 1367(c) exist in this case because (1) the claims are neither novel, nor complex; (2) neither of the claims "substantially predominate" over the other; (3) original jurisdiction has been established for a claim; and (4) there are no exceptional circumstances.

16.    Promptly upon filing this Notice of Removal, Defendant shall give written notice to Plaintiff and shall file a copy of this Notice of Removal with the Clerk of the Circuit Court of Jefferson County, Kentucky.

Wherefore, Defendant prays that this Court assume control over this action as this action is properly removed on the grounds of federal question jurisdiction, diversity jurisdiction, and, if necessary, supplemental jurisdiction.

This 1st day of August, 2022.

Respectfully submitted,

*/s/ Michael J. LaCourse*

LaToi D. Mayo
Michael J. LaCourse
**LITTLER MENDELSON, P.S.C.**
333 West Vine Street, Suite 1720
Lexington, KY  40507
Telephone:   859.317.7970
Email:         lmayo@littler.com
                     mlacourse@littler.com
*Counsel for Defendant*

---

[2]    Plaintiff asserts one claim under KRS § 524.055, a Kentucky statute that makes it a crime to retaliate against a participant in the legal process; however, asserts no facts separate and apart from those purportedly supporting his claims for discrimination, hostile work environment, and retaliation.  As such, it appears that the one set of facts alleged by Plaintiff are intended to support all claims.  Thus, all claims are related, and this Court may properly exercise supplemental jurisdiction over them.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 1st day of August 2022, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the CM/ECF system.  I further certify that I served the foregoing upon Plaintiff via certified U.S. Mail:

Alex Sanders
9 Fannin Court
Frankfort, Kentucky 40601
*Pro Se Plaintiff*

*/s/ Michael J. LaCourse*
*Counsel for Defendant*