UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ALEX SANDERS                                                                                          Plaintiff

v.                                                                                  Civil Action No. 3:22-cv-394-RGJ

MAIN EVENT ENTERTAINMENT                                                              Defendant

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Alex Sanders ("Sanders"), initiated this action in the Jefferson County Circuit Court on July 8, 2022. [DE 1-1 at 6]. Defendant, Main Event Entertainment ("Main Event"), timely removed to this Court on August 1, 2022. [DE 1]. Main Event now moves for judgment on the pleadings. [DE 75]. Sanders responded and Main Event replied. [DE 77; DE 81]. Sanders also moves for leave to amend his complaint. [DE 79]. Main Event responded and the time for Sanders to reply has passed. [DE 83]; LR 7.1(c) ("A party may file a reply within 14 days of service of the response"). Accordingly, these motions are ripe. For the reasons below, Sanders' motion for leave to amend is **DENIED** and Main Event's motion for judgment on the pleadings is **GRANTED**.

**I.      Background**

Sanders' complaint contains numerous wide-ranging allegations from his time as a "Brand Ambassador" at Main Event. [DE 1-1 at 9]. Sanders states that he was hired by Main Event in July 2021 and his first few months of work were "amazing," but that his employment took a downturn after he was involved in a car accident in September 2021. [*Id.*]. After the car accident, Sanders claims his managers prevented him from sitting on a stool during his shift that he had been permitted to use before. [*Id.* at 10]. He alleges that he provided doctor's notes to his managers at

1

Main Event. [*Id.*]. Later in the complaint, Sanders acknowledges that the owner of Main Event permitted him to sit down during his shift "as long as he had a doctor's note." [*Id.*]. Sanders then alleges that his managers began seeking out reasons to fire him, including an attempt to hold him accountable for losing a customer's jacket. [*Id.* at 11]. He asserts that he was being constantly surveilled by the mangers and owner of Main Event ("standing behind the plaintiff for like 20 minutes, watching him"), as well as "people . . . who knew the managers" watching and recording him. [*Id.*]. Sanders also describes an incident where he attempted to clock in "15 minutes early because he was already there and why not" but was told to wait. [*Id.* at 12]. He then left and returned approximately twenty minutes late for his scheduled shift. [*Id.*]. When management told Sanders to go home, he called the police and filed a complaint. [*Id.*]. Following this incident, Sanders was informed by Main Event "that they decided to go in another direction." [*Id.*].

Additionally, Sanders' complaint makes a litany of one-off allegations that Main Event employees engaged in inappropriate workplace behavior ranging from crass to criminal. These include that a bartender attempted to persuade Sanders to "engage in anal sex"; cocaine was sold out of the kitchen; there was "a sex cult at work"; a dishwasher employee would "creepily" stare at him and verbally harass a waitress; the majority of the kitchen staff were "convicts" or "gang members" who knew people "who would kill for $1,500"; and food was intentionally contaminated by kitchen staff. [DE 1-1 at 11–13]. According to Sanders, all this amounts to Main Event's association with "a crime cartel[.]" [DE 13].

### II.     Discussion

As an initial matter, the Court notes that Sanders is a *pro se* litigant. *Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Yet "the lenient treatment generally accorded to *pro se* litigants has

2

limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). For example, "the less stringent standard for pro se plaintiffs does not compel the courts to conjure up unpleaded facts to support conclusory allegations." *Leisure v. Hogan*, 21 Fed. App'x 277, 278 (6th Cir. 2001). Additionally, the Court cannot "create a claim which [the plaintiff] has not spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). A *pro se* complaint must still contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). Ultimately, "[t]he Court's duty to construe a *pro se* complaint liberally does not absolve a plaintiff of the duty to comply with the Federal Rules of Civil Procedure by providing each defendant with fair notice of the basis of the claim." *Jones v. Cabinet or Families & Child.*, No. 3:07-cv-11-S, 2007 WL 2462184, at *4 (W.D. Ky, Aug. 29, 2007) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). In summary, although courts give more leniency than plaintiffs represented by counsel, *pro se* plaintiffs are still "expected to know and adhere to the rules governing litigation in the court." *Williams Huron Gardens 397 Tr. v. Waterford Twp.*, No. 18-12319, 2019 WL 659009, at *1 (E.D. Mich. Jan. 26, 2019).

### A. Motion for Leave to Amend

If a party seeks to amend outside the twenty-one-day period provided by Federal Rule of Civil Procedure 15(a)(1)(A)–(B), Rule 15(a)(2) provides that "a party may amend its pleading only with . . . the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In determining whether the interests of justice support a grant of leave to amend, courts consider several factors, including "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, or futility of the amendment." *Brumbalough v. Camelot*

*Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005) (citing *Coe v. Bell*, 161 F.3d 320, 341–42 (6th Cir. 1998)). "The grant or denial of leave to amend is within the discretion of the trial court, and review is for abuse of discretion." *Sec. Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1008 (6th Cir. 1995) (citing *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983)). Yet, when the deadline established by the court's scheduling order has passed, "a plaintiff first must show good cause under Rule 16(b) . . . for failure earlier to seek leave to amend" and the court "must evaluate prejudice to the nonmoving party 'before a court will [even] consider whether amendment is proper under Rule 15(a).'" *Commerce Benefits Grp., Inc. v. McKesson Corp.*, 326 Fed. App'x 369, 376 (6th Cir. 2009) (quoting *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).

Sanders' amended complaint purports to add five new claims: "constructive discharge," "harassment," "toxic work environment," "retaliation," and "whistleblowing." [DE 79 at 592–94]. Main Event argues the motion is untimely, pointing out that the amendment was filed roughly a year and a half after the original complaint and served on Main Event one day before the discovery deadline. [DE 83 at 621–22]. Main Event also argues that the new claims are futile. [*Id.* at 622]. Sanders' only explanation for his late filing is that the new claims he seeks to add "have recently come to light." [DE 79 at 591].

The interests of justice do not support granting Sanders' motion for leave to amend. First, Sanders establishes no "good cause" for a modification to the scheduling order under Rule 16(b), especially after such a long time has passed since Sanders filed the original complaint. *See Commerce Benefits*, 326 Fed. App'x at 376 (quoting *Leary*, 349 F.3d at 909). Because the new claims are not based on any new facts, they have not "recently come to light." While the lack of good cause for failing to amend within the appropriate timeframe is sufficient reason to deny

4

Sanders' motion, the Court also finds that Main Event would be unduly prejudiced by it. As Main Event points out, it was served with Sanders' amended complaint one day before the discovery deadline in a case that has been pending for roughly a year and a half. [DE 83 at 618].

But even if that were not the case, Sanders pleads insufficient facts to support each of the claims he seeks to add, and so each of the new claims would be futile. First, as to constructive discharge, Sanders pleaded that he was fired, not that he felt "compelled to resign." *Pearce v. Whitenack*, 440 S.W.3d 392, 400 (Ky. App. 2014) (quoting *Turner v. Pendennis Club*, 19 S.W.3d 117, 121 (Ky. App. 2000)). Therefore, he cannot satisfy the elements for constructive discharge.

Second, Sanders' "harassment" and "toxic work environment"[1] claims would require him to show: (1) he belonged to a protected class; (2) he was subjected to harassment, either through words or actions, based on a protected class; (3) the harassment had the effect of unreasonably interfering with his work performance and creating an objectively intimidating, hostile, or offensive work environment; and (4) there exists some basis for liability on the part of the employer. *See Gallagher v. C.H. Robinson Worldwide, Inc.*, 567 F.3d 263, 270 (6th Cir. 2009). Sanders never alleges that he was a member of a protected class or that he was harassed because of his sex or race. Even if he had, he alleges no facts to show that Main Event would be liable.

Third, for his retaliation claim,[2] Sanders would have to show (1) he engaged in a protected activity, (2) Defendants knew he engaged in the protected activity, (3) he suffered an adverse employment action, and (4) his protected activity was the but-for cause of the adverse employment

---

[1] The Court liberally construes this as a hostile work environment claim under the Kentucky Civil Rights Act ("KCRA"). A claim for hostile work environment brought under the KCRA is analyzed under the same standards as a Title VII claim. *See Altenstadter v. Fibreworks Corp.*, No. 2010-CA-002187-MR, 2012 WL 28699, at *5 (Ky. Ct. App. Jan. 6, 2012) (citing *Meyers v. Chapman Printing Co., Inc.*, 840 S.W.2d 814, 821 (Ky. 1992)).

[2] Retaliation claims brought under the KCRA are evaluated under the same standard used to evaluate federal Title VII claims. *See Roof v. Bel Brands USA, Inc.*, 641 F. App'x 492, 496 (6th Cir. 2016).

action. *Kenney v. Aspen Techs., Inc.*, 965 F.3d 443, 448 (6th Cir. 2020) (citations omitted). Sanders does not even allege he engaged in a protected activity. As a result, this too is futile.

Finally, Kentucky's whistleblower statute does not apply here. To avail himself of that statute, Sanders would have to allege he was a public employee of the Commonwealth of Kentucky or "any of its political subdivisions, or any person authorized to act on behalf of the Commonwealth, or any of its political subdivisions, with respect to formulation of policy or the supervision, in a managerial capacity, or subordinate employees[.]" KRS 61.101(2). Sanders does not allege any of these facts.

For all these reasons—that (1) there is no good cause for Sanders' untimeliness and (2) the interests of justice do not support allowing the amendment—the Court declines to consider the amended complaint. Accordingly, Sanders' motion for leave to amend is **DENIED**.

### B. Motion for Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) provides that "a party may move for judgment on the pleadings." Courts apply the same standard to a motion for judgment on pleadings under 12(c) as a motion to dismiss under Rule 12(b)(6). *See Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n*, 623 F.3d 281, 284 (6th Cir. 2010) (citing *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001)). Federal Rule of Civil Procedure 12(b)(6) instructs that a court must dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quoting *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)). "But the district court

need not accept a bare assertion of legal conclusions." *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "A complaint will be dismissed . . . if no law supports the claims made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. Of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561–64).

Main Event argues that (1) Sanders does not provide any notice of what exact claims he is asserting against Main Event and (2) even when liberally construed, Sanders' complaint does not allege sufficient facts to state a claim against Main Event. [DE 75 at 548–57]. Although Sanders' response cites the inapplicable Kentucky Rules of Civil Procedure, [*see* DE 77 at 577], he generally disputes that he has not alleged sufficient facts to state a claim. [*See generally id.*].

At the top of Sanders' complaint, he cites Title VII and lists some claim-related language including "suspending and terminating, sexual harassment, hostile work environment, [and] retaliation discrimination[.]" [DE 1-1 at 7]. While the Court does not necessarily agree that this amounts to identifying the claims Sanders purports to bring against Main Event, the Court finds

7

that even liberally construed this way, the complaint still fails to state a claim against Main Event and must be dismissed.

For the same reasons that the Court explained above in discussing the futility of the claims in the amended complaint, Sanders also fails to state a claim here. Any claim under Title VII for harassment/hostile work environment fails because he does not allege he is a member of a protected class or that he was harassed because of his race or sex. *See Gallagher*, 567 F.3d at 270. Sanders also does not establish that Main Event could be vicariously liable. Additionally, any claim for retaliation fails because Sanders never alleges he took part in a protected activity. *See Kenney*, 965 F.3d at 448.

If the complaint were to be even more liberally construed—a possibility that Main Event entertains, stretching the limits of that principle—Sanders also cited (1) a portion of the KCRA related to discrimination by employment agencies and licensing agencies, (2) the Kentucky Administrative Procedures of the Court of Justice, and (3) KRS 524.055. [DE 1-1 at 7]. The complaint also refers to Sanders as "the U.S. Equal Employment Opportunity Plaintiff." [*Id.*]. The complaint fails to state a claim on these grounds because (1) Main Event is not an "employment agency" or "licensing agency," *see* KRS 344.030(3); KRS 344.010(11), (2) Main Event is not a Kentucky court, (3) KRS 524.055 is a criminal statute with no private right of action, and (4) Sanders does not plead that he filed anything with the Equal Employment Opportunity Commission ("EEOC").[3]

Sanders has failed to state a claim under even the most liberal construction of the complaint. As a result, Main Event's motion for judgment on the pleadings is **GRANTED**.

---

[3] Main Event notes that it is aware of a charge Sanders filed with the EEOC despite Sanders not citing it specifically in his filings. [DE 75 at 557; DE 75-1 at 559–60]. However, as Main Event correctly points out, the EEOC charge was filed after Sanders was fired, so it could not serve as the basis for a retaliation claim. [DE 75-1 at 559].

### III. Conclusion

For the reasons explained, and the Court being otherwise sufficiently advised, Sanders' motion for leave to amend is **DENIED** and Main Event's motion for judgment on the pleadings is **GRANTED**. Accordingly, the Court **ORDERS** as follows:

1. Main Event's pending motion to set aside the scheduling order and for a limited stay [DE 76] and motion to strike Sanders' discovery filings [DE 84] are **MOOT**.

2. Sanders' complaint against Main Event is **DISMISSED** in its entirety.

3. The Court will enter separate Judgment.

February 22, 2024

Rebecca Grady Jennings, District Judge
United States District Court

cc: counsel of record

    Plaintiff, pro se