UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ALEX SANDERS                                                                                                    Plaintiff

v.                                                                                              Civil Action No. 3:22-cv-394-RGJ

MAIN EVENT ENTERTAINMENT                                                                      Defendant

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

After the Court granted Defendant Main Event Entertainment's motion for judgment on the pleadings [DE 85], Plaintiff Alex Sanders ("Sanders") moved to expunge the Court's record of this case. [DE 89]. Sanders, a *pro se* litigant,[1] seeks to expunge the record of this case "now accessible online" because it "poses a significant threat to [Sanders'] reputation and career prospects." [*Id.* at 650].

Sanders cites broadly to the Fifth and Fourteenth Amendments to the United States Constitution, as well as Article I, Section 2 of the Kentucky Constitution to invoke "equal protection and treatment under the law" as well as "fundamental principles of fairness, privacy, and constitutional protections." [*Id.*]. In his own affidavit, he also cites KRS 431.078 and KRS 525.055. [DE 89-1 at 654]. Sanders himself concedes there is an "absence of specific expungement provisions for civil cases," but argues that this "should not preclude the court from exercising equitable discretion to seal or remove court records in exceptional circumstances where fundamental rights are at stake." [DE 89 at 650].

---

[1] The Court notes again, as it did in its previous Memorandum Opinion and Order, that *pro se* litigants are generally held to a less stringent standard than professional attorneys, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), yet this "lenient treatment . . . has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

1

First, Sanders cites no authority that would allow the Court to "expunge" the record of this case. This Court has no "equitable discretion" under the Constitution to unilaterally remove an entire case record from public view at the request of a litigant. *See Ernspiker v. Norfolk S. Ry. Co.*, No. 3:20-cv-745-RGJ-CHL, 2023 WL 6131089, at *1 (W.D. Ky. Sept. 19, 2023) ("It is well-established that a 'strong presumption' exists in favor of keeping court records open to the public.") (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176–79 (6th Cir. 1983)). And while KRS 431.078 does deal with expungement of records in criminal cases, this is not a criminal case.[2]

Second, even liberally construing Sanders' motion as a motion for leave to seal, Sanders has not provided a sufficient basis to seal any document in this case. Local Rule 5.6(a) states that "[p]arties and counsel should presume that all documents filed in district court should be available for the public to access and that restricting public access can occur only in limited circumstances, as set forth in this Rule." Thus, the filings in this case are presumed to be public unless Sanders can show this is one of the "limited circumstances" that justifies restricting public access.

> A "sealed document" is defined as a document or motion filed pursuant to (1) a protective order restricting public access, (2) an order granting leave to file the sealed document or motion, in conjunction with a motion for leave to seal or a previously-filed redacted document, or (3) included within a category of documents considered sealed under a federal statute or federal rule of procedure, local rule, or standing order of this court.

LR 5.6(b). None of the filings in this case are subject to a "protective order" or within "a category of documents considered sealed under a federal statute or federal rule of procedure, local rule, or standing order of this court." *Id.*

---

[2] Not only is this not a criminal case, but Sanders was also not the defendant. Furthermore, the Court's previous Memorandum Opinion and Order simply held that Sanders failed to state a claim. [DE 85 at 640]. Confined only to the question of whether Sanders' complaint should survive a motion for judgment on the pleadings, the Court did not find or imply that Sanders had engaged in any wrongdoing of any sort.

Additionally, even liberally construed, Sanders' motion does not "establish that the document sought to be filed under seal is entitled to protection from public disclosure." LR 5.6(c); *see Shane Grp. Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) ("Only the most compelling reasons can justify non-disclosure of judicial records."). To have a record sealed, Sanders must show "(1) a compelling interest in sealing the records; (2) that the interests in sealing outweigh the public's right of access; and (3) that the proposed seal is narrowly-tailored." *Ernspiker*, 2023 WL 6131089, at *1 (citing *Shane Grp. Inc.*, 825 F.3d at 305); *see also Shane Grp., Inc.*, 825 F.3d at 305–06 (explaining that a litigant seeking to seal must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations") (citation omitted). Sanders' general assertion that the public record of this case—one which he initiated as *plaintiff*—is harming his "reputation and career prospects" does not meet the standard of compelling interest. [DE 89 at 649]. Nor does Sanders explain why his interests would outweigh the public's right of access. Finally, Sanders' request to wipe the entire record of this case from "all online case law sites and any other publicly accessible databases" is far from narrowly tailored. [*Id.* at 651].

As a result, the Court has no basis to expunge or seal any document in this case, let alone the entire record. For the reasons explained, and the Court being otherwise sufficiently advised, Sanders' Motion to Expunge [DE 89] is **DENIED**.

Rebecca Grady Jennings, District Judge
United States District Court

cc: counsel of record

    Plaintiff, *pro se*

August 1, 2024

3